IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01918-RM-KLM

JANICE NYBORG, and
CLOTILDE SZELKOWSKI,

      Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

___

**ORDER**
___

      This insurance lawsuit is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 38) to grant in part and deny in part Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint in Part (ECF No. 17). Plaintiffs have filed an Objection to the Recommendation (ECF No. 40), and Defendant has filed a Response (ECF No. 43). For the reasons below, the Court overrules the Objection and accepts the Recommendation, which is incorporated into this Order by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.**      **LEGAL STANDARDS**

      Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation to which a proper objection is made. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060

(10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.  BACKGROUND

Plaintiffs were injured in a collision caused by an uninsured motorist. Both were insured by at least one automobile insurance policy with uninsured motorist benefit coverage issued by Defendant. After Plaintiff Nyborg submitted to Defendant medical bills and mileage totaling $9,177.87, she received an advance payment of only $8,296.70 and an offer to settle the claim for $13,796.70. Plaintiff Szelkowski submitted medical bills and mileage totaling $2,773.48 and received an advance payment in that amount and a settlement offer of $5,273.48. Defendant has refused to pay the settlement offers until Plaintiffs agree to release Defendant from any further liability.

Plaintiffs allege Defendant failed to pay them benefits they are owed or to make reasonable offers. In their Amended Complaint (ECF No. 14), they assert claims for breach of contract and for statutory and common law bad faith. Defendant has moved to dismiss the bad faith claims, arguing that the allegations do not establish that it acted unreasonably. Attached as exhibits to the Defendant's Motion are copies of letters issued to Plaintiffs on April 7 and 9, 2020, that Defendant characterizes as "offer[s] of settlement and explanation[s] of settlement offer[s]" and "letters submitted with advance payments for medical expenses." (ECF No. 17 at 6.) However, the magistrate judge refused to consider the exhibits because they are not explicitly referred to in the Amended Complaint and include language that is inconsistent with some of the allegations in the Amended Complaint. The magistrate judge also noted that there is a dispute as to whether one of the letters was received by Plaintiff Nyborg and/or her counsel. Without considering these documents, and accepting the allegations in the Amended Complaint as true, the magistrate judge determined that Plaintiffs had stated a bad faith claim based on Defendant's failure to explain why it did not issue an advance payment of the entire amount of Plaintiff Nyborg's declared medical expenses.

Turning to Defendant's alleged failure to pay noneconomic damages, the magistrate judge determined the amount of such damages to which Plaintiffs are entitled is in dispute, notwithstanding Defendant's settlement offers. The magistrate judge rejected Plaintiffs' argument that because Defendant made settlement offers which included $5,500 and $2,500 in noneconomic damages, these amounts were benefits owed to Plaintiffs, and therefore Defendant acted unreasonably by withholding payment. (*See* ECF No. 38 at 15 ("Any argument that Defendant 'delayed' or 'denied' paying Plaintiffs its initial settlement offers is rejected as

contrary to Colorado law.").) Accordingly, the magistrate judge recommends granting Defendant's Motion to the extent Plaintiffs' bad faith claims are premised on Defendant's nonpayment of the settlement offers.

The magistrate judge further recommends granting Defendant's Motion with respect to three bases for the bad faith claims, namely, that Defendant (1) failed to consult medical professionals regarding Plaintiffs' medical treatments and their relatability to the collision, (2) has not documented or investigated any failure to cooperate on behalf of Plaintiffs, and (3) did not send a reservation of rights related to these claims.

Finally, the magistrate judge recommends denying Defendant's request to strike from the Amended Complaint allegations that it engaged in attempted extortion of Plaintiffs, finding it had not met its burden of showing that it would suffer prejudice if the offending allegations were not stricken.

### III.  ANALYSIS

Plaintiffs object to the Recommendation's conclusion that they have failed to state a bad faith claim premised on Defendant's refusal to pay the settlement offers.  Reviewing the matter de novo, the Court agrees with the magistrate judge's analysis of this issue.  Defendant's obligation to pay covered benefits absent a reasonable basis is not implicated by its refusal to pay the settlement offers in this case because the amount of noneconomic damages to which Plaintiffs are entitled is in dispute.  Colorado law prohibits an insurer from withholding payment of *undisputed* covered benefits.  *State Farm Auto. Ins. Co. v. Fisher*, 2018 CO 39, at ¶ 24.  Colorado law also prohibits the conclusion that an insurer's initial settlement offer represents an admission that the amount of the offer is the amount of benefits owed.  *Fisher v. State Farm*

*Auto. Ins. Co.*, 2015 COA 57, ¶ 15.  Thus, contrary to Plaintiffs' position, covered benefits for noneconomic damages are not rendered "undisputed" by an insurer's settlement offer.  Plaintiffs cite no authority for such a proposition, and such a rule would be difficult to apply to noneconomic damages, which are subjective and not susceptible to a precise evaluation.  And it would discourage settlement.

Along with the Objection, Plaintiffs have filed a Motion to Amend the Complaint (ECF No. 39), which sets forth new allegations related to their claims.  Plaintiffs attempt to incorporate these new allegations into their Objection, but these are not properly before the Court, and the Court declines to consider what effect, if any, they might have on this case going forward.  The Motion to Amend will be referred to the magistrate judge, and a ruling will issue in due course.

The Objection also attempts to incorporate a document Plaintiffs identify as a "Claim Standard" (ECF No. 40-2).  This document is not referenced in the Amended Complaint and is not properly before the Court.  The Court declines to consider it here.  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Plaintiffs also argue that "Colorado law does not support the Magistrate Judge's finding that any time a first-party UIM carrier makes 'settlement offers' to its insureds, there can be no bad faith as a matter of law."  (ECF No. 40 at 13.)  The Recommendation makes no such finding.

Any remaining arguments in the Objection are not specific enough to warrant de novo review.  The Court finds that the magistrate judge's analysis was thorough and sound and discerns no clear error on the face of the record.

5

**IV.     CONCLUSION**

Therefore, the Court OVERRULES Plaintiff's Objections (ECF No. 40), ACCEPTS and ADOPTS the Recommendation (ECF No. 38), and GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss (ECF No. 17), as stated above.

DATED this 24th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge