IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01918-RM-KLM

JANICE NYBORG, and
CLOTILDE SZELKOWSKI,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Strike the Errata Sheet for the Deposition of Stephanie Gillingham** [#57][1] (the "Motion"). Defendant filed a Response [#62] in opposition to the Motion [#57], and Plaintiffs filed a Reply [#64]. Plaintiffs also filed later filed a Notice of Supplemental Authority [#79] in support of their Response [#81].

On December 19, 2019, Plaintiffs were involved in an automobile accident, wherein an uninsured driver rear-ended the vehicle in which Plaintiffs were traveling, causing injury to both. Plaintiffs were insured for uninsured motorist benefits through Defendant at the time of the crash. They notified Defendant of their claims and asked Defendant to pay benefits owed, including for medical expenses. Plaintiffs assert that Defendant's failure to

---

[1] "[#57]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

pay undisputed medical expenses was a violation of Defendant's contractual duties, delayed benefits owed without a reasonable basis, and constitutes bad faith on the insurer's behalf.

The claims adjuster assigned to their claims was Stephanie Gillingham ("Gillingham"). Ms. Gillingham was deposed on March 2, 2021, at which time she purportedly admitted to several errors in her claim handling. On April 19, 2021, she provided twenty-five amendments to her deposition in the form of a multi-page errata sheet, purportedly making substantial, material changes to her testimony. In the present Motion [#57], Plaintiffs assert that "[s]uch modifications are not allowed pursuant to Fed. R. Civ. P. 30(e) and should be stricken."

## II.  Legal Standard

Rule 30(e)(1) of the Federal Rules of Civil Procedure provides:

> Review; Statement of Changes.  On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

The Tenth Circuit interprets Rule 30(e) narrowly, thus limiting permissible changes to deposition testimony. *Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 784 (10th Cir. 2021). In discussing the purpose of Rule 30(e), the court in *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002), quoting *Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992), stated:

> The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard.  A deposition is not a take home

examination.

The court further stated that "[w]e do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony." *Id.* "Errata sheets may be used to correct errors or to clarify an answer when a question is not understood, but it [sic] may not be used to alter what has been stated under oath." *Myers v. Dolgencorp, Inc.*, No. 04-4137-JAR, 2006 WL 408242, at *1 (D. Kan. Feb. 15, 2006). Non-material changes to deposition testimony are permitted by Rule 30(e). *Id.*

In *Burns v. Board of County Commissioners of Jackson County*, 330 F.3d 1275, 1282 (10th Cir. 2003), the court held that deposition changes pursuant to Rule 30(e) should be evaluated under the same analysis for determining whether an affidavit in support of a summary judgment motion may be disregarded because it conflicts with the affiant's prior sworn statements. A contrary affidavit will be disregarded when it "'constitutes an attempt to create a sham fact issue.'" *Id.* at 1282 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)). The factors a court must consider in deciding whether an affidavit presents a sham fact issue and, correspondingly, whether to permit deposition changes pursuant to Rule 30(e), include: (1) "whether the affiant was subject to cross-examination during [her] earlier testimony"; (2) "whether the affiant had access to the pertinent evidence at the time of [her] earlier testimony or whether the affidavit was based on newly discovered evidence"; and (3) "whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.*

### III. Analysis

Defendant essentially divides the 25 amendments on Ms. Gillingham's errata sheet

into three categories: (1) amendments on pages 66, 67, 68, 70, 71, 78, and 79 relating to an inaccurate exhibit; (2) amendments on pages 59 and 92 relating to misunderstood questions; and (3) amendments on pages 10, 14, 31, 48, 54, 98, and 113 which are purportedly nonsubstantive and merely clarify responses. *Response* [#62] at 4-6. Plaintiffs do not contest this general categorization of the errata, *see generally Reply* [#64], and therefore the Court generally approaches the amendments in the same way.

### A. Amendments Relating to Inaccurate Exhibit

Defendant characterizes the amendments on pages 66, 67, 68, 70, 71, 78, and 79 as necessary because of confusion over a specific exhibit shown to Ms. Gillingham during her deposition. *Response* [#62] at 4. Defendant states that:

> After reviewing the deposition transcript and the testimony highlighted by Plaintiff[s], Ms. Gillingham realized that certain misstatements were made based on the exhibits presented and Plaintiff's [sic] line of questioning at her deposition. Ms. Gillingham was confused by the questions during the deposition and the letter Plaintiff's [sic] counsel provided as an exhibit during the deposition, which itself contained an error in calculating Plaintiff's [sic] medical bills. When Ms. Gillingham was answering questions during the deposition, she relied on Plaintiff's [sic] letter that contained a clerical error miscalculating the amounts. This led Ms. Gillingham to believe she may have missed something or made an error in her calculations while handling the insurance claim. However, after reviewing this testimony she realized that the error discussed during the deposition was not by Ms. Gillingham but by Plaintiff's [sic] counsel in the letter used as an exhibit and which she was questioned about at the deposition. Therefore, Ms. Gillingham submitted an errata sheet to clarify and correct her testimony.

*Id.* at 1-2.

Plaintiffs do not contest that Ms. Gillingham's amendments to pages 66-79 of her deposition testimony all pertain to this exhibit. *See generally Reply* [#64]. There also does not appear to be any dispute that the amendments to these pages are material, and thus that the Court should use the *Burns* factors to determine whether they should be permitted.

*See, e.g.*, *Boyd v. The Home Depot, Inc.*, No. 11-cv-03129-WYD-KLM, 2013 WL 394187, at *4 (D. Colo. Jan. 31, 2013) (noting that the *Burns* factors need only be examined when the amendments are material).

The Court begins with the second factor. Here, the Court considers "whether the affiant had access to the pertinent evidence at the time of [her] earlier testimony or whether the affidavit was based on newly discovered evidence." *Burns*, 330 F.3d at 1282. In its Response [#62], Defendant argues that the exhibit on which this testimony was based had an important clerical error which confused Ms. Gillingham and materially affected her responses. Plaintiffs do not mention this issue in their Motion [#57] and do not contest, or even directly address, this point in their Reply [#64]. Thus, there appears to be no dispute that Ms. Gillingham did not have "the pertinent evidence" in front of her at the time of her deposition and, in fact, that the evidence she did have in front of her about which she was questioned was actually incorrect. Therefore, the Court finds that this factor weighs in favor of allowing the amendments.

Next, the Court considers "whether the affiant was subject to cross-examination during [her] earlier testimony." *Burns*, 330 F.3d at 1282. Plaintiffs argue that Ms. Gillingham was represented by experienced counsel, that she had the opportunity to prepare with counsel prior to the deposition, and that counsel had the opportunity to clarify or correct her testimony to the extent there were any errors. This all may be true, and *perhaps* her counsel should have caught this error during the deposition. However, it is clear from the briefs that *no one* caught the error at the time, *including Plaintiffs' counsel*. Indeed, were the Court to find otherwise, i.e., that Plaintiffs' counsel *did* know about the error, this would implicate serious ethical concerns. Here, though, the Court cannot fault

-5-

Defendant's counsel for missing an error which Plaintiffs' counsel did not catch either. Thus, the Court finds that this factor is neutral.

Finally, the Court considers "whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Burns*, 330 F.3d at 1282.  Here, reading the relevant deposition testimony, it is clear that there was at least some confusion on Ms. Gillingham's part over the information shown to her in the inaccurate exhibit, but that she attempted to answer to the best of her ability given what was before her.  Thus, the Court finds that this factor weighs in favor of permitting the amendments.

Weighing these factors, the Court finds that Ms. Gillingham's errata sheet as to errors on pages 66-79 are permissible and should not be stricken.

**B.     Amendments Relating to Misunderstood Questions**

Defendant characterizes two amendments on Ms. Gillingham's errata sheet as relating to misunderstood questions.  *Response* [#62] at 6.  Those two amendments are as follows:

1.  *Question* (Depo. at 59:11-13): Do you have a reasonable basis why, at the time of the evaluation, you did not consider $3,885.51?

    *Original Answer*: And no, I don't.

    *Amended Answer*: I did not remember the reason for the differing amount at the time of the deposition.  The bills submitted from Injury Finance were considered and listed by the medical provider in my evaluation.

2.  *Question* (Depo. at 92:7-10): And if, in fact, they were living together at the time of this crash, do you agree they both would be entitled to collect UM benefits up to the total amount of $125,000?

    *Original Answer*: Yes.

    *Amended Answer*: No, unless they are related.

*Id.* at 3, 5, 6.  Defendant's only argument here is that the amendments are necessary because Ms. Gillingham "misunderstood the questions asked of her in two instances, and therefore provided that clarification in her errata sheet."[2]  *Id.* at 6.  However, no explanation is provided as to how these two questions were misunderstood.  With the first question, in fact, Ms. Gillingham states that the reason for the amendment is that she did not remember at the time, not that she misunderstood the question.  With the second question, no explanation for the change is provided at all.

Turning to the *Burns* factors, there is no indication that Defendant's counsel was unable to cross-exam Ms. Gillingham during her deposition.  There is also no indication that Ms. Gillingham's did not have access to pertinent evidence at the time of her deposition, or that newly discovered evidence has any influence on her amendments.  Finally, there is no indication in her original testimony that she was confused at the time she gave those answers.  Thus, all three *Burns* factors weigh against permitting the amendments.

Weighing these factors, the Court finds that Ms. Gillingham's errata sheet as to errors on pages 59 and 92 is impermissible and should be stricken.

**C.    Amendments Relating to Clarification of Responses**

The amendments here concern those on pages 10, 14, 31, 48, 54, 98, and 113 of

---

[2] This sentence was the second sentence in this paragraph of the Response [#62]. Immediately after this sentence, Defendant states: "The need for such clarification was particularly clear in this case, given the fact that Plaintiff[s] ha[ve] inappropriately filed the rough draft transcript of Ms. Gillingham's deposition, and interpreted her words incorrectly in an attempt to support amendment to the complaint after the extra-contractual claims in this matter were dismissed." *Response* [#62] at 6.  However, Plaintiffs' Motion to Amend the Complaint [#39] does not cite to either page 59 or page 92 of Ms. Gillingham's deposition as a basis for any requested amendments, and thus Plaintiffs' argument ("The need for such clarification . . .") appears to actually refer back to the first sentence of the paragraph, which relates to other changes in her deposition testimony noted in the Motion to Amend the Complaint [#39].

Ms. Gillingham's deposition. *Response* [#62] at 5-6. Unfortunately, neither party grapples with the details of these amendments, merely including them under otherwise broad arguments. For example, Defendant states: "[t]he remaining changes to the deposition testimony that do not pertain to the inaccurate exhibit do not substantively change the deposition testimony, but rather provide clarity and the same reason is given for the changes as indicated on the errata sheet." *Response* [#62] at 5. Plaintiffs state that "defense counsel had a full and fair opportunity to clarify or correct testimony at the end of the deposition if it was determined that there was some confusion or error in the earlier testimony." *Reply* [#64] at 2.

As noted above, the *Burns* factors are only utilized when changes to deposition testimony alter what has been stated under oath. Otherwise, non-material corrections or clarifications are permitted under Fed. R. Civ. P. 30(e)(1). Here, Plaintiffs, as the movants, have not provided adequate argument in the Motion [#57] or Reply [#64] for the Court to determine that the changes on pages 10, 14, 31, 48, 54, 98, and 113 of Ms. Gillingham's deposition materially alter her testimony such that the *Burns* factors should be considered. In the absence of sufficient argument, the Court has taken a cursory look at the amendments on these pages and, although some may constitute a close call, the Court cannot find that Ms. Gillingham's new answers do more than provide clarification of her prior responses. To provide but one example:

> *Question* (Depo. at 13:25-14:2): When you make an initial offer, does the amount of the offer represent what is reasonably owed at the time?
>
> *Original Answer*: I wouldn't say reasonably owed at that time, but it is an amount I have evaluated based upon the information I have.
>
> *Amended Answer*: No, I wouldn't say reasonably owed at that time, but it is an

amount within my evaluation based on the information I have at the time.
The Court therefore finds that this and other amendments addressed in this section are permitted under Rule 30(e) and should not be stricken.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#57] is **GRANTED in part and DENIED in part**.  The Motion is **granted** to the extent that Ms. Gillingham's errata with respect to pages 59 and 62 are **stricken**.  The Motion is **denied** in all other respects.

Dated:  October 28, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge