IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01918-RM-KLM

JANICE NYBORG, and
CLOTILDE SZELKOWSKI,

      Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Partial Motion to Dismiss Plaintiffs' Complaint** [#109] (the "Motion"). Plaintiffs filed a Response [#127] in opposition to the Motion [#109], and Defendant filed a Reply [#129]. The Motion [#109] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1. *See* [#113]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#109] be **GRANTED in part** and **DENIED in part**.

**I. Background[1]**

_____

[1] For purposes of resolving the Motion [#109], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiffs' Second Amended Complaint [#121]. *See Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). The Court notes that the Motion [#109] refers to the Second Amended Complaint as being docketed at [#101]. *Motion* [#109] at 1. Docket No. 101 shows the red-line changes made between the Amended Complaint and the Second Amended Complaint, and therefore is materially the same as the "clean," non-red-lined version of the Second Amended Complaint located at Docket No. 121.

- 1 -

This case arises from an automobile accident in which Plaintiff Janice Nyborg ("Nyborg") and Plaintiff Clotilde Szelkowski ("Szelkowski") were injured. *Second Am. Compl.* [#121] ¶¶ 5, 7. Plaintiffs are individuals and residents of Colorado. *Id.* ¶ 1. Defendant is a foreign corporation that issues automobile insurance policies in Colorado. *See id.* ¶¶ 12, 63; *Notice of Removal* [#1].

On December 15, 2019, a vehicle driven by Michael Gomez-Quintana ("Gomez-Quintana") rear-ended a vehicle in which Plaintiffs were traveling, injuring them both. *Second Am. Compl.* [#121] ¶¶ 5, 7. Mr. Gomez-Quintana was uninsured with respect to Plaintiffs' damages, but Plaintiffs were both insured for uninsured motorist ("UM") benefits under an automobile insurance policy with Defendant, with coverage limits of $50,000 per person and $100,000 per incident. *Id.* ¶¶ 9, 12. Plaintiffs timely notified Defendant of their UM claims and asked Defendant to pay them benefits owed under the terms of the policy. *Id.* ¶ 13.

Plaintiffs assert that Defendant unreasonably misrepresented the amount of UM coverage available for the accident. *Id.* ¶¶ 26-31. Plaintiffs further assert that Defendant unreasonably failed to investigate whether Plaintiffs lived together at the time of the accident, despite Defendant possessing a police report indicating that Plaintiffs lived together. *Id.* ¶¶ 22-25.

Plaintiffs bring three claims against Defendant: (1) breach of contract; (2) statutory bad faith pursuant to Colo. Rev. Stat. § 10-3-1116; and (3) common law bad faith. *Id.* ¶¶ 62-77. Plaintiffs seek general damages; economic damages; statutory and necessary costs to include expert witness expenses, investigation expenses, discovery expenses, and attorneys' fees; and post-judgment interest. *Id.* at 11. In the present Motion [#109],

Defendant seeks dismissal of the second and third claims as they relate to Plaintiff Szelkowski. *Motion* [#109] at 1.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted. . . .").  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor

does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that [a] defendant has acted unlawfully." *Id.* (citation omitted). To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] . . . that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (citation and internal quotation marks omitted).

### III.  Analysis[2]

At the outset, the Court clarifies which allegations in the Second Amended Complaint [#121] are challenged by the Motion [#109]. Defendant asserts that of the thirteen new allegations included in the Second Amended Complaint [#121], only six relate to Plaintiff Szelkowski's claims. *Motion* [#109] at 2. The Court agrees that many

---

[2]  The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), because the parties reside in different states and diversity exists. *See Notice of Removal* [#1].  Because the Court's jurisdiction on all claims addressed by the Motion [#109] is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the Court "must apply [Colorado] substantive law and federal procedural law." *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) (citing *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 428 (1996)).

of the new allegations do not relate to Plaintiff Szelkowski, but identifies *seven* new allegations that do relate to her.  *See Second Am. Compl.* [#121] ¶¶ 22-25, 27, 29, 31.[3]

Six of the thirteen new allegations are expressly limited to Plaintiff Nyborg, and therefore cannot serve as bases for any of Plaintiff Szelkowski's claims.  *See Second Am. Compl.* [#121] ¶¶ 19-21, 26, 28, 30.  The seven new allegations which pertain to Plaintiff Szelkowski relate in part to Defendant's alleged failure to investigate whether Plaintiffs lived together at the time of the accident, *id.* ¶¶ 22-25, and in part to Defendant's alleged misrepresentation made to Plaintiff Szelkowski, *id.* ¶¶ 27, 29, 31.  Plaintiffs do not dispute that these seven allegations are the only new allegations which relate to Plaintiff Szelkowski, and in fact, limit their arguments in the Response [#127] to these seven allegations.  Therefore, the Court finds that these seven allegations are the only *new* allegations in the Second Amended Complaint [#121] that relate to Plaintiff Szelkowski's claims.

Defendant argues that because these new allegations "are insufficient as a matter of law to support Plaintiff Szelkowski's extra-contractual claims[,]" and because "[t]he Court has already found that every other allegation in the [Second Amended] Complaint [#121] fails to state claims for common law bad faith and statutory unreasonable delay and denial with respect to Plaintiff Szelkowski[,]" Plaintiff Szelkowski's extracontractual claims "must be dismissed."  *Motion* [#109] at 2, 4, 9 (citing *Recommendation* [#38]; *Order* [#45]).  The Court notes that no previous order or recommendation in this case found that "none of the other allegations in the Second Amended Complaint are sufficient to support

---

[3]  The Court notes that while Defendant asserts that only "six" of the new allegations relate to Plaintiff Szelkowski, *Motion* [#109] at 2, Defendant elsewhere cites all seven allegations identified by the Court as relating to Plaintiff Szelkowski, *id.* at 5-6, 8.

Plaintiff Szelkowski's extra-contractual claims." *See generally Recommendation* [#38]; *Order* [#45].

In the Recommendation [#38], which was accepted by the District Judge, *Order* [#45] at 1, the Court found the following allegations to be insufficient bases for Plaintiff Szelkowski's extracontractual claims: (1) allegations regarding the payment of settlement offers; (2) allegations regarding Defendant's failure to consult medical professionals; (3) allegations regarding Defendant's failure to document or investigate any failure by Plaintiffs to cooperate; and (4) allegations regarding Defendant's failure to send a reservation of rights letter, *Recommendation* [#38] at 16-17.  The Recommendation [#38] did not address several other allegations relating to Plaintiff Szelkowski, the ones about which the parties had not argued in the underlying Motion to Dismiss, and which remain unchanged in the Second Amended Complaint [#121].  *Compare Am. Compl.* [#14] ¶¶ 33, 36-38, 43-44, 48 *with Second Am. Compl.* [#121] ¶¶ 46, 49-51, 56-57, 61.  Therefore, contrary to Defendant's assertion, the Court did not find those allegations to be insufficient bases for Plaintiff Szelkowski's extracontractual claims.  *See generally Recommendation* [#38]; *Order* [#45].

Defendant does not address these surviving allegations in the Motion [#109], and therefore the Court considers the Motion [#109] only as it relates to the seven new allegations identified above.  *See generally Motion* [#109].  The surviving allegations *may* sufficiently support Plaintiff Szelkowski's extracontractual claims, about which the Court makes no finding at this time given the lack of argument about them by Defendant.  Thus, the Court finds that it is inappropriate to dismiss Plaintiff Szelkowski's second and third claims in full, as requested by Defendant.  *Motion* [#109] at 10.

Accordingly, the Court **recommends** that the Motion [#109] be **denied** to the extent that Defendant seeks dismissal of Plaintiff Szelkowki's second and third claims *in full*, and turns to the legal sufficiency of the seven new allegations that relate to Plaintiff Szelkowski.

## A.    Legal Standard

Plaintiff Szelkowski brings both statutory and common law bad faith claims. *Second Am. Compl.* [#121] ¶¶ 67-77.   A statutory bad faith claim requires a plaintiff to show that: (1) insurance benefits were owed; and (2) the insurer unreasonably delayed or denied payment of a claim made by a first-party claimant.  *See* Colo. Rev. Stat. § 10-3-1115(1)(a).  In Colorado, a common law bad faith claim requires a plaintiff to show that: "(1) the insurer acted unreasonably under the circumstances[;] and (2) the insurer either knowingly or recklessly disregarded the validity of the insured's claim."  *Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010) (citing *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 414 (Colo. 2004)).

"[B]ad faith is not limited to the decision to grant or deny a claim; rather, bad faith can occur in the unreasonable refusal to investigate a claim and to gather facts." *Domokos v. Shelter Mut. Ins. Co.*, 416 F. Supp. 3d 1209, 1233 (D. Colo. 2019) (citing *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1274 n.20 (Colo. 1985)).   "The reasonableness of the insurer's conduct must be determined objectively, based on proof of industry standards."  *Goodson*, 89 P.3d at 415 (citing *Travelers Ins. Co.*, 706 P.2d at 1275).

Colorado state courts have stated that "an insurer may challenge claims which are fairly debatable and will be found to have acted in bad faith only if it has intentionally

denied (or failed to process or pay) a claim without a reasonable basis." *Brandon v. Sterling Colo. Beef Co.*, 827 P.2d 559, 561 (Colo. App. 1991) (citation omitted). "Under Colorado law, it is reasonable for an insurer to challenge claims that are 'fairly debatable.' An insurer is under no obligation to negotiate a settlement when there is a genuine disagreement as to the amount of compensable damages payable under the terms of an insurance policy." *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012) (citations omitted). An insurance claim is not "fairly debatable" where "there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable." *Sanderson*, 251 P.3d at 1219.

Applying this standard, the Court considers whether the seven new allegations—concerning Defendant's failure to investigate Plaintiffs' living situation, and Defendant's misrepresentation of available coverage—in the Second Amended Complaint [#121] sufficiently state statutory and common law bad faith claims.

## B.    Failure to Investigate Whether Plaintiffs Lived Together

Colorado law imposes a duty on insurers to conduct "a reasonable investigation based upon all available information" before refusing to pay a claim. Colo. Rev. Stat. § 10-3-1104(1)(h)(IV). An investigation is unreasonable where it fails to consider evidence that may support an insured's claim. *See Vaccaro*, 275 P.3d at 760 ("Particularly in light of plaintiff's theory that defendant requested—and then ignored—the [independent medical examiner] report, a reasonable jury could have found that defendant refused to consider evidence showing plaintiff was entitled to additional compensation."); *cf. Sims v.*

*Great Am. Life Ins. Co.*, 469 F.3d 870, 891 (10th Cir. 2006) ("An investigation [is unreasonable] if (1) the manner of investigation . . . suggests that material facts were overlooked, or (2) the insurer intentionally disregarded undisputed facts supporting the insured's claim." (citation omitted; applying Oklahoma law)).

Plaintiffs argue that Defendant's failure to investigate whether Plaintiffs lived together at the time of the accident was unreasonable because "Defendant knows, and its adjuster acknowledged, that whether Plaintiffs lived together affects the coverage available under the applicable insurance policies." *Response* [#127] at 5. Defendant asserts that "this allegation is found nowhere in the Second Amended Complaint [#121]," and argues that without this allegation, the Second Amended Complaint [#121] has "no other factual allegations" to provide the context needed to determine whether Defendant's investigation was reasonable. *Motion* [#109] at 6; *Reply* [#129] at 2. The Court agrees with Defendant and finds Plaintiffs' allegations regarding the alleged failure to investigate whether Plaintiffs lived together to be conclusory for the following reasons.

Plaintiffs' argument rests entirely on the deposition of Defendant's adjuster, which may have indicated the adjuster's knowledge that Plaintiff Szelkowski's coverage would be affected by her living situation. *See Response* [#127] at 5-6. However, the Second Amended Complaint [#121] makes no reference whatsoever to Defendant's adjuster or to Defendant's knowledge that Plaintiffs' living situation would affect available coverage. Therefore, for the purpose of adjudicating the present Motion [#109], the Court cannot consider the adjuster's deposition. *See Lee v. Denver Pub. Schs.*, 20-cv-1989-WJM-MEH, 2021 WL 1172634, at *6 (D. Colo. Mar. 29, 2021) (citing *Kearney v. Dimanna*, 195 F. App'x 717, 721 n.2 (10th Cir. 2006) (stating that it is "well-established" that a district

court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint" in deciding a motion to dismiss)); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation omitted) (stating that when considering a motion to dismiss under Rule 12(b)(6), courts may refer to documents outside of the complaint if they are *referred to* in the complaint). Therefore, the Court considers Plaintiffs' allegations only as they are stated in the Second Amended Complaint [#121]:

> Defendant failed to investigate that Plaintiffs lived together at the time of the collision.

> Defendant failed to investigate that Plaintiffs lived together at the time of the collision, despite the fact that Defendant had in its possession at the time it evaluated Plaintiffs' respective claims the police report indicating that Plaintiffs lived together.

> Defendant's failure to investigate whether Plaintiffs lived together at the time of the crash was unreasonable.

> Defendant's failure to investigate whether Plaintiffs lived together at the time of the collision was done knowingly of or with reckless disregard for the unreasonableness of that failure.

*Second Am. Compl.* [#121] ¶¶ 22-25.

Without the context provided by the adjuster's deposition, the sole remaining factual allegation regarding Defendant's knowledge of Plaintiffs' living situation is that Defendant possessed a "police report indicating that Plaintiffs lived together." *See id.* As Defendant points out, based on this allegation alone, Defendant would have no reason to investigate Plaintiffs' living situation because the police report stated that Plaintiffs lived together at the time of the accident. *Motion* [#109] at 7. Therefore, the Court cannot find that Plaintiffs sufficiently plead bad faith claims based on Defendant's failure to investigate whether Plaintiffs lived together at the time of the accident.

The Court notes that Defendant alternatively argues that because the Second Amended Complaint [#121] "does not allege that Plaintiff Nyborg was the named insured under a separate policy[,]" Plaintiffs living situation would only be relevant as to whether Plaintiff Nyborg was insured under Plaintiff Szelkowski's policy. *Reply* [#129] at 3 (citing *Def.'s Ex. A*, *Plaintiff Szelkowski's Insurance Policy* [#129-1] (the "Policy") at 53).[4] Defendant supports this argument by asserting that the Policy [#129-1] is the only policy alleged to be at issue in this case, and that "whether the Plaintiffs lived together would have no effect whatsoever on the coverage available to Plaintiff Szelkowski or her insurance claim." *Motion* [#109] at 7. Defendant does not cite any legal authority or specific provision of the Policy [#129-1] for this proposition. *See id.*; *Reply* [#129] at 3-4. Thus, the Court cannot find Plaintiff Szelkowski's extracontractual claims to be insufficient on this alternative basis.

Regardless, for the reasons stated above, the Court finds that Plaintiff Szelkowski fails to sufficiently plead bad faith claims on the basis of Defendant's alleged failure to investigate whether Plaintiffs lived together at the time of the accident.

Accordingly, the Court **recommends** that the Motion [#109] be **granted in part** and that Plaintiff Szelkowski's second and third claims for relief be **dismissed without prejudice** to the extent that these claims are premised on Defendant's alleged failure to investigate whether Plaintiffs lived together.

---

4 When adjudicating a motion to dismiss pursuant to Rule 12(b)(6), the Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1215. The existence of an applicable insurance policy is central to each of Plaintiff Szelkowski's claims, *see generally Second Am. Compl.* [#121], and Plaintiffs do not dispute the authenticity of the Policy [#129-1] despite its reference in the Motion [#109], *see generally Response* [#127]. Therefore, the Court considers the Policy [#129-1] for the purpose of resolving the present Motion [#109].

C.     **Misrepresentation**

Colorado law prohibits insurers from "[m]isrepresenting pertinent facts or insurance policy provisions relating to coverages at issue[ ]."  Colo. Rev. Stat. § 10-3-1104(1)(h)(I).  An insurer's misrepresentation is a sufficient basis for bad faith claims. *See TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1203 (D. Colo. 2018) (applying Colorado law) (denying an insurer's motion for summary judgment on a statutory bad faith claim).

Plaintiffs argue that their allegations regarding Defendant's misrepresentation of available coverage to Plaintiff Szelkowski are not conclusory because "Defendant knows exactly what the basis of Plaintiffs' allegations regarding misrepresentations is based upon." *Response* [#127] at 7 (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." (alteration in original; internal quotations and citations omitted))).  In their Response [#127], Plaintiffs' argument that Defendant knew the basis of the alleged misrepresentation rests exclusively on the same deposition of Defendant's adjuster discussed above.  *See id.* at 6-8.

Defendant challenges Plaintiffs' reliance on the deposition on evidentiary and substantive grounds.  *See Reply* [#129] at 4-5.  However, the Court declines to consider the deposition for the reasons stated in section III.B., *supra*.  Therefore, the Court considers Plaintiffs' allegations only as they are stated in the Second Amended Complaint [#121]:

> Defendant misrepresented to Szelkowski the total amount of UM coverage available for the collision. . . .

Defendant's misrepresentation to Szelkowski as to the total amount of UM coverage available for the collision was unreasonable. . . .

Defendant acted knowingly of or with reckless disregard for the unreasonableness of its misrepresentation to Szelkowski.

*Second Am. Compl.* [#121] ¶¶ 27, 29, 31.

Defendant argues that these allegations, as read within the four corners of the complaint, are conclusory because they "contain[ ] no factual allegations that would plausibly establish that [Defendant] made a misrepresentation" of available coverage. *Motion* [#109] at 8.  Excluding outside documents which, for the reasons stated above, the Court cannot consider here, Plaintiffs make no arguments in response to Defendant. *See Response* [#127] at 6-8.  In the absence of any relevant argument by Plaintiffs, the Court has examined the Second Amended Complaint [#121] and agrees that no factual allegations clearly appear to directly apply to this purported conduct by Defendant, such that the Court could find that these bases for statutory and common law bad faith claims can survive the Motion [#109].  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.").

Accordingly, the Court **recommends** that the Motion [#109] be **granted in part** and that Plaintiff Szelkowski's second and third claims for relief be **dismissed without prejudice** to the extent that these claims are premised on Defendant's alleged misrepresentation to Plaintiff Szelkowski.

## IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#109] be **GRANTED in part** and **DENIED in part**.  Specifically, it is **recommended** that the Motion [#109] be **granted** such that Plaintiff Szelkowski's second and third claims for relief be **DISMISSED in part without prejudice** to the extent that those two claims are premised on allegations regarding Defendant's alleged failure to investigate whether Plaintiffs lived together and Defendant's alleged misrepresentation to Plaintiff Szelkowski.  It is further **recommended** that the Motion [#109] otherwise be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 29, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge